LAURA TAYLOR SWAIN, United States District Judge
On May 19, 2017, the Bank of New York Mellon ("BNYM"), in its capacity as the Trustee under the July 13, 2007, Amended and Restated Sales Tax Revenue Bond Resolution (the "Resolution") of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), moved, by application for an order to show cause, for interpleader of certain funds due to be paid by BNYM to holders of COFINA bonds on June 1, 2017 (the "June 1 Payment") and thereafter (together with the June 1 Payment, the "Disputed Funds"). (Adv. Proc. No. 17-133, docket entry nos. 10 & 11.) The Court has *276 jurisdiction of this adversary proceeding pursuant to 48 U.S.C. § 2166(c).
On May 19, 2017, the Court issued the order to show cause, oppositions to the interpleader were filed, and a hearing was held on May 30, 2017 (the "Hearing"), at which the Court delivered an oral decision granting the interpleader and certain related relief. The Court entered an order providing for the relief on May 30, 2017 (the "Order"). (Docket entry no. 110.) This Memorandum Opinion memorializes the Court's decision.
BACKGROUND
The following undisputed background facts are set forth in BNYM's adversary proceeding complaint. (Docket entry no. 1, Adversary Complaint ("Compl.").)
COFINA is a statutory instrumentality of the Commonwealth of Puerto Rico (the "Commonwealth") that was created to issue bonds secured by the assignment of certain sales tax revenues. (Compl. ¶ 27.) COFINA has issued four types of bonds under the Resolution. (Id. ¶ 31.) COFINA also agreed to certain covenants in the resolution. Failure to pay the principal or interest due under a bond would constitute an "Event of Default" under the resolution. (Id. ¶ 37.) Failure to comply with the terms of the Resolution would also, after written notice and a 30-day cure period, also constitute an Event of Default. (Id. ¶ 38.) After an Event of Default, if BNYM has so declared, the principal and accrued interest of accelerated bonds becomes due and payable immediately. (Id. ¶ 39.) The Resolution contains a waterfall of payments to be made by BNYM after an Event of Default, and also provides for payment priority to the senior outstanding bonds. (Id. ¶¶ 40-41.)
On April 29, 2017, the Governor of the Commonwealth signed into law the Fiscal Plan Compliance Law (the "Compliance Law"), which BNYM asserts "interferes with COFINA's rights" and, accordingly, led BNYM to send COFINA a notice on May 4, 2017, that Events of Default would occur as a result of the Compliance Law if not cured by COFINA within 30 days. (Compl. ¶¶ 56-58.) Various intervenors in this adversary proceeding have also asserted that Events of Default have occurred, or will occur upon the expiration of a cure period. (See, e.g., id. ¶¶ 61-79.) COFINA itself, as represented in this proceeding by the Puerto Rico Fiscal Agency & Financial Advisory Authority ("AAFAF"), asserts that no Event of Default has yet occurred, as the period for COFINA to cure any potential Event of Default has not yet expired. (Id. ¶ 83.)
Two COFINA bondholders, who have appeared in this adversary proceeding, also commenced litigation against BNYM over the alleged Events of Default: the "Whitebox Funds," who are Plaintiffs in Whitebox Multi-Strategy Partners, L.P. v. Bank of New York Mellon Corp., Adv. Proc. No. 17-143 (D.P.R.), and Ambac Assurance Corp. ("Ambac"), which is the Plaintiff in Ambac Assurance Corp. v. The Bank of New York Mellon, No. 17 CV 3804 (S.D.N.Y.). (Compl. ¶¶ 84-87.)
DISCUSSION
Title 28, Section 1335(a)(1) of the United States Code permits the Court to grant interpleader when two or more adverse, diverse claimants claim to be entitled to money or property valued in excess of $500. There is no dispute regarding diversity and the June 7 Payment alone clearly exceeds $500. In deciding whether interpleader is appropriate, the Court thus need only determine whether the requisite competing claims of entitlement exist.
The record before the Court, including the submissions in response to the Order to Show Cause and statements by the parties at the Hearing, makes plain *277 that the June 1 Payment, which totals $16,297,863.78, is the subject of competing claims of ownership, and that the arguments of the parties disputing the ownership of the June 1 Payment will apply substantially to all future payments BNYM would make as the trustee under the Resolution. COFINA, by AAFAF, asserts that no Event of Default has yet occurred, and that all of the money held by BNYM in trust remains COFINA's property. Six other parties appearing in the interpleader proceeding, including BNYM, dispute COFINA's claim of ownership. Certain COFINA bondholders assert that an incurable Event of Default has occurred; some also assert that the principal and accrued interest on their bonds have been accelerated and are immediately due and payable. Additionally, some holders of bonds issued by the Commonwealth, who have moved to intervene in this adversary proceeding, assert that monies in the COFINA trust accounts are assets from which they are entitled to receive payment. In sum, a significant dispute has arisen among a number of competing parties who each claim "to be entitled to" the Disputed Funds. 28 U.S.C. § 1335(a)(1). This dispute is sufficient, at this stage in the proceedings, for the Court to conclude that the requirements of Section 1335(a)(1) are met.[1]
COFINA, through AAFAF,[2] asserted at the hearing that the Court should not grant interpleader because to do so would result in an Event of Default caused by COFINA's failure to make payments required under the Resolution. To alleviate this concern, the Court's order granting interpleader will state that the Disputed Funds are to be held in trust on behalf of the party or parties to whom the Court ultimately determines the Disputed Funds rightfully belong.
The Court therefore concludes that the requirements of Title 28, Section 1335(a) are met in this case. The Court also concludes that the requirements of Title 28, Section 1335(b) may be met by the deposit of an unsecured $1,000 bond by BNYM with the Clerk of Court, conditioned on BNYM's compliance with the future orders and judgment of the Court with respect to the Disputed Funds.
Ancillary to its request for interpleader, BNYM requests that the Court: (1) grant it a release from liability, and (2) stay related proceedings. The Court has the authority to discharge an interpleader plaintiff "from further liability" relating to the disputed funds pursuant to Title 28, Section 2361 of the United States Code. Here, a release of BNYM from liability for instituting this interpleader proceeding and for compliance with further orders of the Court is appropriate, and was granted as provided in the Order. Further, a stay of related proceedings and a restraining *278 order on all parties affected by the interpleader from prosecuting claims against BNYM outside of the interpleader proceeding is both authorized by Title 28, Section 2361, and appropriate pursuant to the Court's inherent powers. The Court concludes that a stay of all actions affecting and related to the disposition of the Disputed Funds is appropriate to allow for the orderly and efficient litigation of disputed issues in one proceeding, which will prevent the possibility of overlapping or inconsistent decisions. Accordingly, the Court has stayed the Whitebox and Ambac litigations, as well as all other claims and proceedings in any court or tribunal, which relate to or would have an effect upon the interpleader action, as provided in the Order.
CONCLUSION
This Memorandum Opinion and the May 30, 2017, Order resolve docket entry nos. 10, 19, and 27 in Adversary Proceeding No. 17-133.

The COFINA Senior Bondholders' Coalition (whose constituent members are defined in the May 19, 2017, Order to Show Cause) argues that the Court should partially deny the interpleader request and require BNYM to disburse the payments due in the ordinary course to the holders of certain senior COFINA bonds. All of the Disputed Funds are, however, subject to competing claims of ownership, including claims of entitlement to the entirety of the Disputed Funds by COFINA and holders of the Commonwealth's General Obligation (or "GO") bonds. Accordingly, the disbursement of any of the Disputed Funds would be premature and improper at this time.

In its pre-hearing opposition papers, AAFAF argued that granting interpleader would violate Section 305 of PROMESA. See 48 U.S.C. § 2165. At oral argument, AAFAF conceded that the consent of the Oversight Board to interpleader meets the requirements of Section 305 and that therefore PROMESA does not bar the relief sought by BNYM. (Transcript of May 30, 2017, Hearing at 28:20-23.)